Filed 9/27/23  P. v. Minshew CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C096907 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-20-000-3082) |
| v. | |
| KENNETH ROY MINSHEW, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kenneth Roy Minshew filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

On the afternoon of December 26, 2020, William S. and L.S., husband and wife, drove to visit a friend in Yuba City. The friend was not home so they got back in the car and left with William driving. William was about to make a right turn when defendant pulled up in front of their car in a pickup truck. Both vehicles stopped. The men exchanged words.

Defendant got out of his truck and went to the passenger side of William and L.S.'s car and began cursing at them. They both shouted back through the window. Defendant said, "Do you want to fight?" William got out of the car and defendant started punching him. L.S. got out of the car to intervene and defendant punched her. A passerby called the police.

Defendant testified at trial that William had a semiautomatic handgun. Defendant said he heard William say, "you're going to pay," and thought he was going to pay with his life. Defendant took a knife from the console of his truck to defend himself. During the fight, defendant stabbed William nine times to the head, back, chest, and under both arms, requiring 85 staples to close the wounds.

William told L.S. to run because defendant was trying to kill them. She drove off and parked the car a short distance away. She did not see William again until she picked him up from the hospital.

While defendant conceded at trial that William was not armed when defendant stabbed him, defendant said that L.S. told William to get the gun and he was moving to do so. Defendant said he stabbed William to keep him from getting the gun. Police officers did not find a gun, holster, or ammunition in William and L.S.'s car. Defendant never told the officer who interviewed him at the scene that he saw a gun, that the gun

2

was a semiautomatic, or that William pointed a gun at defendant.  Defendant said only that he thought William had a gun because he acted like he had a gun.

William and L.S. testified that William did not have a gun and did not own a gun. William explained that he could not own a gun because he had a felony conviction.

Defendant was charged with attempted murder of William (Pen. Code, §§ 664, 187, subd. (a); count 1),[1] assault with a deadly weapon on William (§ 245, subd. (a)(1); count 2), and battery of L.S. (§ 242; count 3).  The information alleged that in connection with the attempted murder defendant caused great bodily injury (§ 12022.7, subd. (a)) and personally used a deadly weapon (§ 12022, subd. (b)(1)) and that in connection with the assault with a deadly weapon defendant inflicted great bodily injury (§ 12022.7, subd. (a)).  In July 2022, a jury found defendant not guilty of attempted murder or the lesser included offense of attempted voluntary manslaughter, but guilty of assault with a deadly weapon.  The jury found true that defendant inflicted great bodily injury on William.  The jury found defendant not guilty of battery of L.S.  The trial court sentenced defendant to three years of formal probation and 120 days in county jail and imposed fines and fees. Defendant timely appealed.  Defendant's counsel filed a *Wende* brief on July 5, 2023, and the case was assigned to this panel shortly thereafter.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

---

[1] Undesignated statutory references are to the Penal Code.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
KRAUSE, J.